THIGPEN, Judge.
This appeal arises out of protracted litigation between a mother and the paternal grandparents involving the custody, support, and visitation with the child in the mother’s custody, pursuant to an Arkansas judgment. The record discloses a valid paternity judgment and support order from the State of Arkansas, ordering that child support payments be made to the Arkansas Chancery Court, and in a prior proceeding between these parties concerning grandparental visitation, the Alabama trial court recognized the validity of the Arkansas judgment.
In November 1992, Deborah Jones, the mother, petitioned for emergency relief in Elmore County, seeking to eliminate the grandparental visitation rights of Odis Junior Breshears and Sylvia M. Breshears. She attached to her petition what she purported to be copies of an Arkansas judgment dated December 17, 1991, and a modification dated June 1992. The Breshearses, who are apparently residents of Arkansas, filed a motion for summary judgment, contending that the Alabama courts should give full faith and credit to the Arkansas judgment, and that no facts or circumstances had changed since the rendition of the Arkansas judgment to justify modification. Subsequently, in February 1993, the trial court, after reviewing the deposition of Jones and considering other filings, entered a summary judgment for the Breshearses, recognized the Arkansas judgment as a valid judgment, and ordered Jones to comply. Jones’s petition for emergency relief was dismissed, and her post-judgment motion was denied. Thereafter, Jones’s attorney withdrew, and no appeal was taken.
In October 1993, the Breshearses petitioned to have Jones held in contempt, alleging that Jones had willfully and contemptuously refused to permit them to exercise court-ordered visitation. This matter was ultimately settled, and the petition was dismissed with prejudice in August 1994. It is noteworthy that Brian Breshears, the father *465 of the child, was not a party in any of these proceedings.
In April 1995, the Breshearses filed a motion, asking the court to authorize the circuit clerk of Elmore County to accept from the Breshearses and pay over to Jones the sum of $500. The Breshearses apparently desired to make a payment on behalf of their son, Brian, who, pursuant to an Arkansas paternity judgment, had been ordered to pay child support. Jones moved to strike the Breshearses motion, asserting, inter alia, that no active case was pending, and therefore, that the motion was improper; that she did not reside in Elmore County; and that the valid Arkansas judgment ordered that child support payments be paid to the registry of the Chancery Court of Garland County, Arkansas. She also asserted that inasmuch as Brian, the obligated father, was a resident of Georgia and was not a party to the proceeding, the trial court was without jurisdiction to authorize or order the clerk to receive payments and disburse them in Alabama. Nevertheless, following a hearing and argument of counsel, the trial court entered an order authorizing the circuit clerk
“to receive any payments that may be made for the support of the minor child, Joshua Brian Curtis, pursuant to the order entered by the Chancery Court of Garland County, Arkansas on December 17, 1991, in that action styled Brian Kirk Breshears v. Deborah Leigh Curtis, Case No. 91-241-J, which order is on file in this action.”
Jones appeals, contending that, inasmuch as the prior action had been dismissed with prejudice eight months earlier, no action remained within which the Breshearses could file such a motion; that the trial court erred in taking jurisdiction over the matter without first domesticating or recognizing the Arkansas order; that the motion in effect imper-missibly modified the Arkansas judgment without first obtaining personal jurisdiction over the obligated parent; and that venue was not proper in Elmore County, because she and the child had not lived there for over six months.
While Jones raises several issues on appeal, the dispositive issue relates to whether' the trial court erred in modifying the Arkansas judgment to order that child support payments may be paid by the grandparents to the clerk of an Alabama court and distributed by the clerk to the mother. The scant record consists only of pleadings and exhibits, without testimony. The purpose of the Breshearses’ motion seeking to make a child support payment on behalf of their son is not clear. Moreover, it appears that the son was not a party to the action, and that, at the time of the action, he was a resident of Georgia.
The Arkansas order clearly provides that child support payments are to be made to the chancery court in Arkansas where the Bresh-earses live. When the Breshearses initially attempted to make a payment in the Elmore County Circuit Clerk’s office, the clerk informed them by letter that no order existed to authorize the clerk to receive and disburse child support ordered by the Arkansas judgment. The clerk returned the Breshearses’ check and encouraged the Breshearses to make the payments either directly to the mother or pursuant to the Arkansas judgment.
An Alabama court may exercise concurrent jurisdiction with the Arkansas court that rendered the initial support order; however, that “concurrent jurisdiction arises only when the circumstances create an emergency as to the immediate welfare of the child or upon a showing of changed circumstances.” Ex parte Haynes, 392 So.2d 1187, 1189 (Ala.1980).
The record reveals no assertion or evidence of an emergency or a change of circumstances sufficient to justify the invocation of the Alabama trial court’s jurisdiction, nor does the trial court’s order expressly make such a finding or imply that such circumstance exists. The order merely authorized the circuit clerk to receive payments made pursuant to the Arkansas order.
In the absence of any evidence that would support a finding of changed circumstances, or an emergency regarding the immediate welfare of the child, we are constrained to hold that the trial court abused its discretion in allowing the unobligated grandparents to make voluntary child support payments to an *466 Alabama clerk’s office in contravention of a valid Arkansas judgment and in permitting Brian to be credited with those payments. The Alabama court simply lacks the authority to accept and disburse payments in a manner inconsistent with the Arkansas judgment. We, like the circuit court clerk, encourage these grandparents to make any payments “pursuant to the Arkansas decree.” Furthermore, because we consider this issue to be determinative, we pretermit any discussion of the remaining issues.
The judgment of the trial court is reversed, arid the cause is remanded for further proceedings or an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE, J., concur.